# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## DECEMBER 1999 SESSION

**FILED**

**March 3, 2000**

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **JAMES WEBB,** | * | No. W1998-00047-CCA-R3-PC |
| **Appellant** | * | HAYWOOD COUNTY |
| **VS.** | * | Hon. Dick Jerman, Jr., Judge |
| **STATE OF TENNESSEE,** | * | (Post-Conviction) |
| **Appellee.** | * | |

<u>For the Appellant</u>

James Webb, Pro Se
#244079
NWCX Site 2
Route 1, Box 660
Tiptonville, TN  38079

<u>For the Appellee</u>

Paul G. Summers
Attorney General and Reporter

J. Ross Dyer
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

Clayburn L. Peeples
District Attorney General
110 S. College Street, Suite 200
Trenton, TN  38382-1841

OPINION FILED:

REVERSED AND REMANDED

NORMA MCGEE OGLE, JUDGE

**OPINION**

The petitioner, James Webb, appeals as of right from the trial court's order summarily dismissing his *pro se* petition for post-conviction relief without an evidentiary hearing. We REVERSE the judgment of the trial court and REMAND for appointment of counsel and review of petitioner's claims.

## I. Procedural History

A Haywood County jury convicted petitioner of aggravated rape. On direct appeal, he presented various issues for review which included whether the trial court erroneously excluded testimony regarding jury unanimity at the motion for new trial. This Court affirmed both the conviction and the sentence imposed by the trial court. State v. James Webb, C.C.A. No. 02C01-9512-CC-00383, Haywood County (Tenn. Crim. App. filed February 27, 1997, at Jackson), *perm. to app. denied*, (Tenn. November 10, 1997).

Petitioner filed a *pro se* petition for post-conviction relief on January 23, 1998. The petition claimed (1) that petitioner received ineffective assistance of trial counsel and (2) that the trial court erred in refusing to allow proof of alleged jury misconduct. The petition also contained specific factual bases to support the allegation regarding ineffective assistance of counsel.

In its order of dismissal, the trial court summarily dismissed the petition stating only, "upon the petition for post conviction relief filed by . . . James Webb, the entire record and all the evidence in this cause . . . it satisfactorily appears to the Court that the said petition . . . does not state any ground or claim upon which relief may or should be granted." The trial court made no specific findings to accompany its dismissal.

## II. Analysis

The 1995 Post-Conviction Procedure Act, Tenn. Code Ann. § 40-30-201 to -310, provides that a trial court must consider a petition within thirty days of its filing and "examine it together with all the files, records, transcripts, and correspondence relating to the judgment under attack." Tenn. Code Ann. § 40-30-206(a).

2

Furthermore, the "prescribed form for petitions requires that the grounds for relief be specified and that a petitioner set out the facts to establish a 'colorable claim.'" Harris v. State, 996 S.W.2d 840, 841 (Tenn. Crim. App. 1999)(citing Tenn. R. Sup. Ct. 28, § 2(H)). If the facts alleged, taken as true, would entitle petitioner to relief, the trial court should not dismiss the petition. See Tenn. Code Ann. § 40-30-206(f), (i).

In this case, the post-conviction relief petition specifically asserted that trial counsel was ineffective for: (1) failing to interview witnesses proffered by petitioner regarding the victim's motive to testify against him; (2) failing to present those same witnesses at trial; and (3) failing to investigate the state's claim that a witness against petitioner was unavailable. These claims were further supported by specific factual allegations. As to petitioner's claim that the trial court erred in its refusal to allow questioning to establish jury misconduct, this ground for relief was either waived for failure to present it on direct appeal or previously determined on direct appeal. See Tenn. Code Ann. § 40-30-206(g), (h).

We conclude the trial court erred in its summary dismissal of the ineffective assistance of counsel claim. Unlike the petition reviewed by the panel in Harris which contained "bare allegations of violations of constitutional rights and mere conclusions of law," 996 S.W.2d at 842, this petition contains a "full disclosure of the factual basis of the grounds asserted." Id. The petition asserted a colorable claim which requires additional consideration.

### III. Conclusion

Based upon the foregoing, we REVERSE the judgment of the trial court and REMAND this matter for appointment of post-conviction counsel and for such other proceedings as may be necessary.

_____
Norma McGee Ogle, Judge

3

CONCUR:


_____
Gary R. Wade, Presiding Judge



_____
John Everett Williams, Judge

4